**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Nobel Williams; Jerry Williams; The Williams Trust; Starfire Productions, LLC, <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>Mark K. Briggs; Wendy Briggs; Quarles & Brady LLP; Chris LaMont; Lisa LaMont; Valley Films, LLC; Castle Valley Films, LLC, <br><br>　　　　Defendants. <br><br>Valley Films, LLC; Mark K. Briggs; Chris LaMont. <br><br>　　　　Counterclaimants, <br><br>vs. <br><br>Starfire Productions, LLC; Jerry C. Williams; Sylvia Nobel Williams; Jerry C. Williams and Sylvia Nobel Williams as Co-Trustees of the Jerry and Sylvia Williams Family Trust, <br><br>　　　　Counterdefendants. | CV 11-02082-PHX-FJM <br><br>**ORDER** |

The court has before it plaintiffs/counterdefendants' (plaintiffs) motion to refer case

1 to Bankruptcy Judge Sarah Sharer Curley pursuant to General Order 01-15 (doc. 15). Defendants/counterclaimants Mark and Wendy Briggs ("the Briggses") did not respond to plaintiffs' motion to refer, and the time for responding has expired. We also have the Briggses' motion to remand to state court (doc. 25), plaintiffs' response (doc. 28), and the Briggses' reply (doc. 29). The Briggses also filed a motion for an order regarding the filing of dispositive motions currently pending in state court (doc. 24). Finally, we have the parties' joint motion to vacate the scheduling conference (doc. 30).

Defendant/counterclaimant Mark Briggs is an attorney and former partner at Quarles & Brady LLC. Plaintiff/counterdefendant Sylvia Williams is an author. In 2007, Briggs was a member of and attorney for Castle Valley Films, LLC ("Castle Valley"). Castle Valley was created for the purpose of turning one of Sylvia Williams's novels into a movie. Plaintiffs allege that Mark Briggs fraudulently stole $810,000 from Castle Valley's accounts. Plaintiffs commenced an action in the Superior Court of Arizona in Maricopa County in March 2008 against the Briggses, Castle Valley, and other defendants, seeking recovery for damages resulting from Mark Briggs's alleged theft of client funds.

The Briggses filed for bankruptcy in the United States Bankruptcy Court for the District of Arizona (2:09-bk-31388-SSC), which resulted in an automatic stay of claims filed against them in the state court proceeding. The bankruptcy action was assigned to Bankruptcy Judge Sarah Sharer Curley. Plaintiffs filed a complaint to determine the non-dischargeability of debt in the bankruptcy court in March 2010, which incorporated their state court complaint. Plaintiffs later filed a motion for relief from the automatic stay in bankruptcy court, which sought relief from the stay in order to pursue recovery in state court under Mark Briggs's professional liability policy. Plaintiffs and the Briggses stipulated to lift the automatic stay and dismiss the non-dischargeability complaint with prejudice. Accordingly, pursuant to stipulation the bankruptcy court granted the plaintiffs' motion for relief from the automatic stay on August 20, 2010. Judge Curley entered the stipulated order, which

ORDERED that the automatic stay of 11 U.S.C. § 362(a) is terminated to

> permit the Movants to proceed with the State Court Action for the purpose of collecting under Mr. Briggs' professional liability insurance.
>
> FURTHER ORDERED that Movants shall not seek any recovery from the Debtors except to the extent such is covered by the applicable professional liability insurance and that any recovery will only be sought from the applicable professional liability insurance carriers or from non-debtor parties and not from the Debtors or the bankruptcy estate.
>
> FURTHER ORDERED that the Debtors may nominally be named in any judgment but the collection of any such judgment is subject to the limitations of this Order.

Mot. for Remand, ex. B ("the Lift-Stay Order").

Plaintiffs' state court action continued against the Briggses. On August 5, 2011, the Briggses moved for summary judgment on plaintiffs' claims against them. See Response to Mot. to Remand, ex. 1 ("the MSJ"). The Briggses argued in the MSJ that because of the automatic stay and the limited scope of the Lift-Stay Order, plaintiffs could only pursue claims against the Briggses for purposes of collecting under Mark Briggs's professional liability insurance policy. According to the Briggses, Wendy Briggs is not named in the policy. And, they argued that under the policy's exclusions and applicable Illinois state law, plaintiffs' claims are excluded from coverage. Thus, the Briggses argued that plaintiffs' state court claims must be dismissed because (1) they cannot recover from the Briggses personally because of the automatic stay order, and (2) they cannot ever recover from the insurer because the policy excludes coverage for plaintiffs' claims.

The Bankruptcy court entered the Briggses' discharge on September 23, 2011. A few days later, the Briggses filed a supplement in support of their MSJ in state court. Response to Mot. to Remand, ex. 2. The Briggses withdrew their arguments based on the automatic stay. Instead, they argued that the bankruptcy discharge required dismissal of all claims against Wendy Briggs personally. They also reaffirmed their argument raised in the MSJ that plaintiffs cannot pursue their claims against Mark Briggs because his insurance policy cannot ever be reached to cover the judgment.

On October 24, 2011, plaintiffs removed the claims that they asserted against the Briggses and the Briggses' counterclaims against plaintiffs to this court. Plaintiffs move for

- 3 -

referral of the removed claims to Judge Sarah Sharer Curley of the Bankruptcy Court for the District of Arizona. The Briggses did not file a response to plaintiffs' motion. The Briggses move for remand to state court, arguing that removal was untimely. Alternatively, they argue for abstention or equitable remand.

The procedure for removal of actions to the bankruptcy court is governed by Rule 9027, Fed. R. Bankr. P. In order for removal to be timely in cases where a civil action is already pending when the bankruptcy action commences, a party must remove within thirty days after "entry of an order terminating a stay." Id. 9027(a)(2)(B).[1] The Briggses argue that plaintiffs were required to remove the state court claims within thirty days of August 20, 2010, the date the Lift-Stay Order was issued. Plaintiffs argue that the thirty-day window did not commence until September 23, 2011, the date that the bankruptcy court entered the Briggses' discharge. Analysis of whether removal is proper in this case will require a court to determine whether the bankruptcy court's own Lift-Stay Order terminated the Briggses' automatic stay within the meaning of Rule 9027, Fed. R. Bankr. P. It will also require an examination of whether mandatory abstention is required under 28 U.S.C. § 1334 or whether equitable remand is appropriate under 28 U.S.C. § 1452(b). General Order 01-15 in this District states that "all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11" are referred to the bankruptcy judges of the district.[2] The arguments raised concerning removal of this action involve the interpretation of a bankruptcy court's order and whether state claims require abstention or warrant equitable remand because they are either "arising under" or "relating to" the Briggses' bankruptcy action.

Plaintiffs indicate that they would have removed this action directly to the bankruptcy court, except that the bankruptcy removal statute only contemplates removal to a district

---

[1] Plaintiffs and the Briggses agree that the remaining times for filing cited in the rule are inapplicable to this case.

[2] A copy of this order is available on the court's website at http://www.azd.uscourts.gov/azd/courtinfo.nsf/94f84d258ee1614707256eba006022ac/50f15708cbaa1d9707256b12007d07b8/$FILE/01-15.pdf.

- 4 -

1  court.  See 28 U.S.C. 1452(a).  A notice of removal "shall be filed with the clerk for the
2  district and division within which is located the state or federal court where the civil action
3  is pending."  Fed. R. Bank. P. 9027(a)(1).  Under the Local Rules of the Bankruptcy Court
4  for the District of Arizona, notices of removal of litigation pending in an Arizona court "shall
5  be filed with the bankruptcy court clerk's office."  LRBank 9027-1(a).  Thus, it appears that
6  the notice of removal should have been filed with the bankruptcy court, not this court.

7       A district court may withdraw any proceeding referred to a bankruptcy court, even on
8  its own motion, for cause.  28 U.S.C. § 157(d).  In determining whether cause exists, the
9  Ninth Circuit considers "the efficient use of judicial resources, delay and costs to the parties,
10 uniformity of bankruptcy administration, the prevention of forum shopping, and other related
11 factors."  In re Canter, 299 F.3d 1150, 1154 (9th Cir. 2002) (citation omitted).  Here, we find
12 that the factors support referring this matter to the bankruptcy court in accordance with
13 plaintiff's request.  The bankruptcy court is already familiar with the facts and issues giving
14 rise to its Lift-Stay Order.  And the uniformity of bankruptcy administration will be served
15 by permitting the bankruptcy court (as it already does) assess whether removal under Rule
16 9027 Fed. R. Bank. P. is appropriate.  See In re Mortgages Ltd., 399 B.R. 673, 679 (Bankr.
17 D. Ariz. 2008) (assessing removal of action to bankruptcy court and denying motion to
18 remand to Arizona state court).  Finally, the Briggses' did not file an opposition to plaintiffs'
19 motion requesting referral of this action to the bankruptcy court.  See LRCiv 7.2(i) ("if. . .
20 counsel does not serve and file the required answering memoranda. . . such non-compliance
21 may be deemed a consent to the denial or granting of the motion and the Court may dispose
22 of the motion summarily").  Accordingly, we conclude that referral to the bankruptcy court
23 is warranted.

24      **IT IS ORDERED GRANTING** plaintiffs/counterdefendants' motion to refer case
25 to Bankruptcy Judge Sarah Sharer Curley (doc. 15).

26      **IT IS ORDERED GRANTING** the joint motion to vacate the scheduling conference
27 (doc. 30).

28      This action, along with all pending motions, shall be transferred to the Bankruptcy

- 5 -

1  Court for this District.
2       DATED this 17th day of January, 2012.

                              Frederick J. Martone
                              United States District Judge

- 6 -